UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW KEITH GAYLE,

    Plaintiff,

v.                              Case No. 8:16-cv-485-T-33TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff Matthew Keith Gayle's Motion for Rehearing (Doc. # 4), filed on March 21, 2016, which the Court construes as a motion for reconsideration. Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. <u>Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves.</u>, No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). Motions for reconsideration filed within 28 days of the Court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28-day period are governed by Rule 60(b). Here, Gayle's Motion was filed within 28 days of the Court's March 3, 2016, Order. Accordingly, the Court applies Rule 59(e) in ruling on the Motion.

1

**Discussion**

Gayle filed his Complaint on February 29, 2016. (Doc. # 1). The Court sua sponte dismissed the Complaint without prejudice on March 3, 2016, because the Complaint failed to state a cause of action. (Doc. # 3). Gayle now moves the Court to reconsider its March 3, 2016, Order, vacate the same, and rule on his Motion to Compel Arbitration. (Doc. # 4 at 2).

"Rule 59(e) affords the Court substantial discretion to reconsider an order which it has entered." Lewis v. Charlotte Corr. Inst. Emps, No. 2:10-cv-547-FtM-29DNF, 2011 WL 104048, at *1 (M.D. Fla. Jan 12, 2011) (citing Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000)). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 Fed. Appx. 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)) (quotation marks and alterations omitted). Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." U.S. v. DeRochemont, No. 8:10-cr-287-T-24-MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted).

Gayle argues the Court erred in dismissing his Complaint because (1) the Complaint stated a cause of action and (2) the Court did not rule on his Motion to Compel Arbitration. Gayle's first argument is unpersuasive.

To begin with, Gayle's Complaint alleges he is "that American National recognized by 28 U.S.C. § 603(a)." (Doc. # 1 at 1). But, 28 U.S.C. § 603 sets the salaries for the Director, Deputy Director, and six other positions of the Administrative Office of the United States Courts. Gayle further alleges that an unspecified federal corporation instituted an action, the case style of which is not alleged, against a trust pursuant to an unspecified charter, which allegedly resulted in a detriment, the type of which is not alleged, to Gayle. (Doc. # 1 at 1). Gayle also alleges he sought an administrative remedy, but does not state from which agency or the type of relief he sought. The Complaint is so devoid of factual allegations that a reasonable defendant would not be given adequate notice of what is alleged against him or her. In short, the Complaint failed to state a cause of action.

Gayle's second argument is also unpersuasive. Gayle's Motion to Compel Arbitration (Doc. # 2), sought to compel arbitration under the Federal Arbitration Act (FAA), 9 U.S.C.

§§ 1-16. The FAA "creates a body of federal substantive law establishing and regulating the duty to honor *an agreement to arbitrate* . . . ." <u>AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.</u>, 508 F.3d 995, 1002 (11th Cir. 2007) (citation and internal quotation marks omitted) (emphasis added). Neither the Complaint nor the Motion to Compel quoted, attached, or otherwise referenced an arbitration agreement between the parties. Likewise, Gayle's present Motion does not reference or attach an arbitration agreement between him and the Government.

In sum, Gayle has not presented the Court with a sufficient reason for vacating its March 3, 2016, Order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Gayle's Motion for Rehearing (Doc. # 4), which the Court construes as a Rule 59(e) motion for reconsideration, is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>30th</u> day of March, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE